**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Scott Graff, | No. CV-20-01179-PHX-ROS (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Plaintiff, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(k)(1), requests the Court serve nonparty nurse Kenya Jordan for her deposition by email or by posting notice on her front door. (Doc. 155). For the reasons that follow, Plaintiff's motion will be granted, and Plaintiff is also ordered to deliver the subpoena by mail.

**BACKGROUND**

Plaintiff hired a private investigator and process server to serve Ms. Jordan for her deposition. (Doc 155 at *2). After a private investigator located an email for Ms. Jordan, Plaintiff emailed Ms. Jordan at this email address and though the message was delivered, Ms. Jordan did not respond. *Id.* at *2-3. Additionally, Plaintiff hired a process server and attempted service multiple times on Ms. Jordan at the address provided by the private investigator. *Id.* at *3. Ms. Jordan did not answer the door despite the same car being in her driveway each time service was attempted and the presence of a Ring doorbell camera. *Id.* Plaintiff now contends that Ms. Jordan is intentionally evading service by not answering

the door and requests serving process on Ms. Jordan by posting the deposition subpoena to her front door and sending it to her email at her last known email address in accordance with Arizona Rule 4.1(k)(1). *Id.*

**DISCUSSION**

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides an individual may be served in a judicial district of the United States by: "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In turn, Rule 4.1(k) of the Arizona Rules of Civil Procedure provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are *impracticable*, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." (emphasis added) Ariz. R. Civ. P. 4.1(k)(1). "If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." Ariz. R. Civ. P. 4.1(k)(2).

Arizona's Rule 4.1(k) requires a showing of impracticability which requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 226 Ariz. 213, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means the traditional means of service have proved to be "extremely difficult or inconvenient." *Id.* at 903.

Courts in this District have permitted service by posting on front doors and via email under Arizona Rule of Civil Procedure 4.1(k). *See DPG Invs. LLC v. Anderson*, No. CV-20-01386-PHXDWL, 2020 WL 8482971, at *3 (D. Ariz. Dec. 15, 2020) ("Plaintiffs' proposed alternative means of service—posting a copy of the FAC and Summons on the

front door and garage doors . . . as well as via email to Defendant's last known email address—constitute 'a reasonable effort to provide the person being served with actual notice of the action's commencement.'"). However, in accordance with Rule 4.1(k)(2), Courts have additionally ordered that papers be sent to defendant's last-known address. *Salgado v. Synergy Payment Sols. Inc*., No. CV-24-00523-PHXDWL, 2024 WL 3299730, (D. Ariz. June 11, 2024).

The Court finds that the traditional means of service have proved to be impracticable. Plaintiff's proposed alternative means of service, securely placing or posting the deposition subpoena on her front door and sending it to her last known email address constitutes "a reasonable effort to provide the person being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2). However, the Court will also order that the papers be mailed to the defendant's last known address in accordance with Rule 4.1(k)(2).

**IT IS ORDERED** the Motion for Alternative Service (Doc. 155) is **GRANTED**.

**IT IS FURTHER ORDERED** that service on Kenya Jordan may be accomplished by 1) sending to Kenya Jordan last known address at 101 Berkshire Circle, Jacksonville, AR 72076, 2) posting to Kenya Jordan's front door at the same address, and 3) emailing the same to the Kenya Jordan's last known email address.

Dated this 9th day of September, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge