**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Scott Graff, | No. CV-20-01179-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Before the Court are Plaintiff Graff's two motions in limine (Docs. 143-144) and Defendant DeGuilio's four motions in limine (Docs. 147-150). The Court will address each issue in turn.

## I.      Legal Standard

"A motion in limine is a procedural mechanism to limit particular testimony or evidence in advance. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts generally "will grant a motion in limine and exclude evidence only if the evidence is 'inadmissible on all potential grounds.'" *Frost v. BNSF Ry. Corp.*, 218 F.Supp.3d 1122, 1133 (D. Mont. 2016) (citation omitted). Judges have broad discretion when ruling on motions in limine. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). "However, in limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 (2000) (italics omitted).

**II.   Analysis**
    **A.  Parties' MILs Re: Prior Convictions and Prison Disciplinary Infractions (Docs. 143, 150)**

Defendant seeks to introduce the specific felony convictions and prison disciplinary infractions of Plaintiff and the inmate witnesses to be called by Plaintiff at trial. (Doc. 150). Plaintiff argues the Court should only allow evidence that Plaintiff and other witnesses are convicted felons that served or are serving time at the Arizona Department of Corrections without identifying the specific crimes and that Plaintiff had disciplinary infractions on October 9, 2019 and January 16, 2020. (Doc. 143). The Court will address the admissibility of Plaintiff's prior convictions and prison disciplinary infractions, followed by the admissibility of the prior convictions and disciplinary infractions of potential witnesses.

*1.  Plaintiff's Prior Convictions and Prison Disciplinary Infractions*

Defendant seeks introduction of all Plaintiff's felony convictions from 2007 and 2015 and his three prison disciplinary infractions in 2017, 2019, 2020 pursuant to Fed. R. Evid. 609. The Federal Rules of Evidence distinguish between convictions occurring within the past 10 years and those older than 10 years. See Fed. R. Evid. 609(a), (b). The Court will address each category in turn.

    i.    <u>Convictions within the past 10 years</u>

Within the past 10 years, Plaintiff was convicted of two felony counts of aggravated sexual assault and one felony count of kidnapping. (Doc. 159-1, Ex. 2). He is currently serving an 84-year sentence for those crimes. Pursuant to Fed. R. Evid. 609(a)(1)(A), evidence that a witness has been convicted of a crime that was punishable by imprisonment in excess of one year shall be admitted for the purpose of attacking a witness's character for truthfulness, subject to Rule 403. Fed. R. Evid. 403 allows a court to exclude felony convictions "if [their] probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A court may exclude evidence that is unfairly prejudicial "if it has an undue tendency to suggest a decision on

an improper basis such as emotion or character rather than evidence presented." *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991) (citing Fed. R. Evid. 403). "Unfair prejudice is measure by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable." *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987).

In balancing the probative value of evidence of a witness's prior convictions against that evidence's prejudicial effect, district courts consider the following factors: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of [the party's] testimony; and (5) the centrality of [the party's] credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000).

"[T]he most probative sort of prior conviction is for an offense that indicates a lack of veracity, such as fraud, forgery or perjury." *United States v. Beahm*, 664 F.2d 414, 418 n.6 (4th Cir. 1981). Plaintiff's prior convictions of sexual assault and kidnapping are not highly probative of his truthfulness. Further, these convictions occurred in 2015—around nine years ago—and Plaintiff has not been convicted of any crimes since.[1] While Plaintiff's testimony and credibility will be important at trial, admission of his convictions pose a high likelihood of undue prejudice, confusing the issues, and misleading the jury— such that these risks substantially outweigh the probative value of his convictions. *See* Fed. R. Evid. 403; *see also Puckett v. Zamora*, No. 1:12-CV-00948 JLT PC, 2015 WL 3871976, at *1 (E.D. Cal. June 23, 2015) (excluding § 1983 Plaintiff's prior convictions of rape, robbery, kidnapping, and issuing criminal threats because they "would be far more prejudicial than they are probative"). Thus, the Court finds Plaintiff's 2015 felony convictions are not admissible. However, Defendant may introduce evidence that Plaintiff is a convicted felon who is serving 84 years at the Arizona Department of Corrections, because the length of his sentence is relevant to his motivation for filing this lawsuit.[2]

---

[1] Although Plaintiff has a prison disciplinary record, those infractions are not the same as criminal convictions because the former have limited procedural protections compared to the latter. Thus, they will be analyzed separately.
[2] In his Inmate Grievance Form, Plaintiff stated "I have 84 years and I'm fighting my case."

ii.  Convictions older than 10 years

From 2008 to 2011, Plaintiff was convicted of attempted aggravated assault, dangerous drug violation, aggravated assault, aggravated robbery, and attempted dangerous drug violation. (Doc. 159-1, Ex. 2). Under Rule 609(b), prior convictions older than ten years are admissible for impeachment purposes if their probative value substantially outweighs any prejudicial effect and reasonable written notice of intent to use is given. Fed. R. Evid. 609(b). Regarding the ten-year limit under Rule 609(b), the Ninth Circuit has cited favorably to the committee notes from the rule's adoption, which state in part that "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." *Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008) (quoting Fed. R. Evid. 609 advisory committee notes). "[T]he probative value of a prior conviction may *not* be determined by how important the defendant's credibility is to the opposing party." *United States v. Bensimon*, 172 F.3d 1121, 1126 (9th Cir. 1999) (emphasis in original). Instead, the probative value of the witness's conviction "is measured by how well it demonstrates his lack of trustworthiness, not how badly [the opposing party] wants to impeach him." *American Home Assurance Co. v. American President Lines*, Ltd., 44 F.3d 774, 779 (9th Cir. 1994).

As with Plaintiff's more recent criminal convictions, his convictions older than ten years do not strongly indicate a lack of veracity as does a crime of fraud or perjury, for example. Therefore, the probative value of those convictions does not substantially outweigh the high risk of prejudice. Additionally, there are no exceptional circumstances warranting admission of these convictions. Plaintiff's felony convictions from 2008 to 2011 are not admissible.

iii.  Prison disciplinary infractions

While serving his current sentence, Plaintiff had the following four disciplinary infractions: (1) assault on an inmate in 2017, (2) fighting in 2019, (3) indecent exposure in 2020, and (4) harassment in 2024. The parties stipulate his 2019 and 2020 infractions are

---

(Doc. 80-1 at 7).

admissible. The Court will thus determine the admissibility of Plaintiff's 2017 and 2024 infractions.

Defendant argues Plaintiff's disciplinary infractions are admissible under Fed. R. Evid. 404(b) because they go to Plaintiff's motivation in filing this lawsuit. While they are not relevant to his motivation in filing the lawsuit, *per se*, Plaintiff's 2017 infraction is relevant to provide an alternate theory as to why he was placed in maximum custody and harmed by other inmates. Because his 2024 infraction post-dated the incident, it is irrelevant and therefore inadmissible.

### 2. *Potential Witness' Prior Convictions and Prison Disciplinary Infractions*

Defendant also seeks introduction of all potential witness' prior convictions and prison disciplinary infractions. Plaintiff opposes the introduction of their specific crimes and infractions. Neither party has provided the Court with the convictions and disciplinary infractions of the potential witnesses. While the risk of unfair prejudice is lessened with respect to witness' criminal history as compared to Plaintiff's, their specific offenses will likely not have a significant probative value unless the witnesses committed acts involving deceit or falsification.

### 3. *Conclusion*

Defendant may not introduce evidence of Plaintiff's specific criminal convictions, except that he is a convicted felon serving an 84-year sentence at the Arizona Department of Corrections. Defendant may introduce evidence of Plaintiff's 2017, 2019, and 2020 disciplinary infractions. With respect to the criminal convictions and disciplinary convictions of potential witnesses, they are inadmissible, except for acts involving deceit or falsification.

### B. Parties' Motions Re: DeGuilio's Denial of Committing the Acts Alleged by Plaintiff / The Summary Judgment Ruling (Docs. 144, 149)

Plaintiff seeks to preclude Defendant from presenting any evidence or testimony that could support he did not (1) falsely call Graff a "cho mo faggot," (2) announce to the pod falsely that Graff was "flashing nurses," or (3) falsely write a disciplinary ticket for indecent exposure, based on the Court's prior summary judgment Order (Doc. 85). Plaintiff's argument rests on the law of the case doctrine. He argues this doctrine applies

"by the Court's order holding [Defendant] does not deny committing [the acts]." (Doc. 144). Conversely, Defendant seeks to preclude Plaintiff from presenting any argument or evidence that language contained in the Court's Order denying summary judgment constituted a factual finding on the above issues and argues that the law of the case doctrine does not apply. (Doc. 149).

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). The law of the case doctrine is inapplicable because (1) Defendant has never admitted the allegations against him on the record and (2) the Court's summary judgment Order did not decide whether Defendant did or did not do the acts he is alleged to have done.

First, Defendant's Answer denied Plaintiff's allegations and claims of wrongdoing. (Doc. 21 at 2). Second, Defendant's motion for summary judgment did not admit Plaintiff's allegations and claims of wrongdoing. Instead, Defendant assumed Plaintiff's allegations for the limited purpose of the summary judgment motion. (Doc. 79 at 1) ("Summary judgment is proper because Graff cannot show that De Guilio's verbal statements, ***even if true***, subject him to a serious risk of bodily harm which is a required element of Graff's Eighth Amendment claim.") (emphasis added). In the motion's Statement of Facts, Defendant merely recited the allegations alleged by Plaintiff in his Amended Complaint (e.g., "Graff ***alleged*** …," "Graff also ***alleged*** …," and "Graff further ***alleged***…"). "***[F]or the purposes of summary judgment***, a party concedes there are no factual issues and accepts the other party's allegations only for the purpose of their own motion." *Zimmer v. Travelers Ins. Co.*, 454 F. Supp. 2d 839, 853 (S.D. Iowa 2006) (emphasis added).

Further, the Court's summary judgment Order clearly stated that it is not determining the truth based on the evidence presented, but rather taking as true the Plaintiff's evidence and drawing all inferences in his favor as required by law. The Court assumed Plaintiff's allegations for purposes of resolving the legal issues before it at

summary judgment. The Court did not issue any findings of fact.

> At summary judgment, ***the judge's function is not to weigh the evidence and determine the truth*** but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. ***In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor.*** *Id.* at 255. \*\*\* Defendant DeGuilio does not dispute any of Plaintiff's allegations concerning DeGuilio's conduct. (Doc. 80.) The Court ***will therefore assume Plaintiff's allegations in the First Amended Complaint are true.***

(Doc. 85 at 3) (emphases added). Clearly, Defendant denied and continues to deny the allegations against him, and the factual disputes between the parties will be adjudicated by a jury at trial.

Therefore, the Court grants Defendant's motion in limine regarding the summary judgment motion and denies Plaintiff's motion in limine precluding Defendant from denying he committed the acts alleged by Plaintiff.

### C. Defendant's Motion Re: The *Heck* Bar

Defendant seeks to preclude any argument or evidence that Plaintiff's movement to maximum custody following the January 2020 incident caused him emotional and mental distress, and any damages as a result, on the basis that his claims are barred by the Supreme Court's decision in *Heck v. Humphrey* (the "*Heck* bar"). The *Heck* bar is based on the following paragraph in the Supreme Court's opinion:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Martell v. Cole*, No. 23-55120, 2024 WL 4259864, at *3 (9th Cir. Sept. 23, 2024) ("A §1983 action is barred only if 'success in the action would undermine' the factual basis of the guilty plea 'in a way that 'would *necessarily* imply or demonstrate' that the plaintiff's earlier conviction was invalid.'") (quoting *Lemos v. County of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (emphasis in original).

Defendant asserts Plaintiff's claim is *Heck*-barred because Plaintiff's prison disciplinary infractions have not been set aside and his grievance and related appeals on those charges have been unsuccessful. (Doc. 147 at 3). Further, Defendant argues "[b]y requesting money damages for his emotional distress in moving housing units, Plaintiff is necessarily seeking to imply the validity of his conviction for indecent exposure. He cannot do so in this case because those convictions were upheld in the grievance process." (Doc. 147 at 3-4).

In the prisoner disciplinary context, it is not enough for Defendant to show that a judgment in favor of Plaintiff here would necessarily imply the invalidity of Plaintiff's disciplinary sanction. Defendant must show that Plaintiff's claim against Defendant's error "affect[s] the overall length of [his] confinement." *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003).

> [*Heck*] does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement. Where the prison's alleged constitutional error does not increase the prisoner's total period of confinement, a successful § 1983 action would not necessarily result in an earlier release from incarceration, and hence, does not intrude upon the "heart" of habeas jurisdiction.

*Id.*; *see also Nettles v. Grounds*, 830 F.3d 922, 929 n.4 (9th Cir. 2016) ("*Heck* applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'").

The only case Defendant cites in support of his argument (besides *Heck*) is *Hebrard v. Nofziger*, 90 F.4th 1000, 1013 (9th Cir. 2024). In that case, a prisoner "sought to expunge

- 8 -

all of his disciplinary convictions, on a basis which would thereby necessarily invalidate all the sanctions imposed—including the revocation of his earned-time credits." *Hebrard*, 90 F.4th at 1003. The Court held because revocation of his earned-time credits lengthened his sentence, his claim "would call into doubt the proper duration of his confinement." *Id.* at 1004. Thus, Plaintiff's § 1983 claim was properly *Heck*-barred. *Id.*

Here, the record does not reflect (1) the sanctions imposed against Plaintiff included a revocation of earned-time credits or (2) Plaintiff is seeking an overturning of his conviction or confinement. Plaintiff merely claims damages for Defendant's allegedly deliberate indifference to a substantial risk of serious harm, causing Plaintiff to be confined to maximum custody. This claim affects not the validity or duration of his conviction, but rather the circumstances of his confinement. *See Muhammad v. Close*, 540 U.S. 749, 750, 754 (2014) ("The factual error was compounded by following the mistaken view expressed in Circuit precedent that *Heck* applies categorically to all suits challenging prison disciplinary proceedings."); *see also Wilkerson v. Wheeler*, 772 F.3d 834, 840 (9th Cir. 2014) (quoting *Muhammad*, 540 U.S. at 751) ("[T]he Supreme Court has clarified that *Heck* does not bar a § 1983 claim that 'threatens no consequence for [an inmate's] conviction or the duration of [his or her sentence.]'") Because Plaintiff does not seek to have his conviction overturned, nor does the relief sought necessarily entail a reduction of his prison sentence, Defendant's motion in limine regarding the *Heck* bar is denied.

### D. Defendant's Motion Re: Testimony of Nurse Lucy Vega

Defendant seeks to introduce evidence and argument regarding the testimony of Lucy Vega, a nurse who was allegedly present on the night of the incident. Specifically, Defendant seeks to introduce testimony of (1) what Nurse Vega saw and heard on the night of the incident, (2) what Nurse Vega saw and heard Defendant DeGuilio do that night, and (3) what Nurse Vega heard and saw the other nurses say and do that night.

According to Defendant, in her deposition, Nurse Vega gave truncated testimony that she did not personally see any inmate's naked body on the night of the incident. However, she saw and overheard Defendant speaking with the other nurses she was

1  working with and heard those nurses complain about seeing an inmate's exposed penis.
2  She further testified that she heard Defendant say he was going to put the inmate on report
3  for exposing himself and that was how they handled such situations when they occurred
4  because that conduct was not appropriate.  Additionally, she testified that Defendant spoke
5  with the inmate and told him he was being put on report for indecent exposure.  Nurse
6  Vega denied hearing Defendant call any inmate a "cho mo faggot" or accuse anyone
7  "loudly" enough for the whole pod to hear that an inmate "was flashing nurses."

8        Based on the record of Nurse Vega's testimony, the following testimony is
9  admissible: (1) that she saw Defendant speak to other nurses, (2) that she saw Defendant
10 speak to Plaintiff, (3) that she saw Defendant place Plaintiff on report, if adequate
11 foundation can be laid regarding how she perceived this to be true, (4) that she did not hear
12 Defendant make any alleged statements to Plaintiff; however, foundation must be laid that
13 she was present at the time Plaintiff alleges Defendant made the statements and that she
14 was within earshot of them, and (5) that she has never heard Defendant say any of the
15 several verbal statements alleged by Plaintiff.

16       On the contrary, Nurse Vega's testimony about conversations between other nurses
17 and Defendant is inadmissible hearsay.  Defendant argues that Nurse Vega's testimony
18 regarding what other nurses said to Defendant is not hearsay because (1) it will not be
19 offered for the truth of the matter asserted and (2) it constitutes a present sense impression
20 under Fed. R. Evid. Rule 803(1).  However, the testimony that other nurses saw Plaintiff's
21 penis exposed is offered to prove that Plaintiff's penis was exposed, otherwise it is not
22 relevant.  Defendant contends that Plaintiff admitted his penis was exposed; however, the
23 record does not reflect this admission.  The Amended Complaint states "My back was to
24 the cell front so no one could see in when they came in and I had a sheet on the front of the
25 cell in front of toilet."  (Doc. 14 at 6-A).  Thus, any statement to support that Plaintiff
26 exposed his penis, whether intentionally or not, can only be offered to prove the truth of
27 the matter asserted or it is not relevant.  Moreover, the present sense impression requires
28 adequate foundation regarding whether Nurse Vega specifically recalls what other nurses

said to Defendant. Therefore, the Court grants in part and denies in part Defendant's motion in limine regarding Nurse Vega's testimony.

Accordingly,

**IT IS ORDERED** Plaintiff's motion in limine to exclude evidence of prior convictions (Doc. 143) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** Defendant's motion in limine regarding Rule 609 evidence of Plaintiff and other inmate witnesses (Doc. 150) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** Plaintiff's motion in limine to preclude DeGuilio from denying he committed the acts alleged by Plaintiff (Doc. 144) is **DENIED**.

**IT IS FURTHER ORDERED** Defendant's motion in limine regarding the Court's summary judgment ruling (Doc. 149) is **GRANTED**.

**IT IS FURTHER ORDERED** Defendant's motion in limine regarding the *Heck* bar (Doc. 147) is **DENIED**.

**IT IS FURTHER ORDERED** Defendant's motion in limine regarding Nurse Vega's testimony (Doc. 148) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** Plaintiff's unopposed motion to permit nonparty inmate witnesses to testify via videoconference (Doc. 145) is **GRANTED**.

Dated this 27th day of September, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge